IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                          PLAINTIFF/RESPONDENT

V.            CASE NO.        5:11-cr-50121-TLB-MEF-1
                             5:16-cv-05110-TLB-MEF

MANUEL HARO-GUTIERREZ                              DEFENDANT/PETITIONER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Defendant/Petitioner's Amended Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence.  (Doc. 225)  No service of the § 2255 Motion was authorized and, therefore, the United States of America has not filed a response.  The matter is ready for Report and Recommendation.

## I.  Background

On January 25, 2012, Defendant/Petitioner, Manuel Haro-Gutierrez ("Haro-Gutierrez"), was named in a Superseding Indictment charging him with conspiracy to distribute a controlled substance, namely, cocaine, methamphetamine, and cocaine base (Count One), conspiracy to commit money laundering (Count Two), and aiding and abetting the harboring of illegal aliens (Count Three).  (Doc. 28)  Haro-Gutierrez appeared for arraignment on February 3, 2012, and he entered a not guilty plea to each count of the Superseding Indictment.  (Doc. 50)

On April 25, 2012, Haro-Gutierrez appeared before the Honorable James R. Marschewski, United States Magistrate Judge, for a change of plea hearing.  (Doc. 115)  Pursuant to a written Plea Agreement (Doc. 116), Haro-Gutierrez pleaded guilty to Count Two of the Superseding Indictment charging him with conspiracy to commit money laundering.  (Doc. 115)  A Report and Recommendation that Haro-Gutierrez's guilty plea be accepted and the Plea Agreement

1

tentatively approved, subject to final approval at sentencing, was filed by Judge Marschewski on April 26, 2012.   (Doc. 112)   An Order adopting the Magistrate Judge's Report and Recommendation *in toto* was entered by the Hon. Jimm Larry Hendren, United States District Judge, on April 26, 2012.   (Doc. 132)

A Presentence Investigation Report ("PSR") was prepared on July 20, 2012.   (Doc. 179) In it, Haro-Gutierrez was held accountable for $316,576.01 in drug trafficking proceeds laundered in the conspiracy (Doc. 179, ¶ 54), and that resulted in a base offense level of 20 (Doc. 179, ¶ 59).   Specific offense characteristics resulted in a total increase of eight levels (Doc. 179, ¶¶ 60, 61), and an adjustment for Haro-Gutierrez's role in the offense as an organizer, leader, manager, or supervisor resulted in another four level increase.   (Doc. 179, ¶ 63)   After a reduction of three levels for acceptance of responsibility (Doc. 179, ¶¶ 66, 67), Haro-Gutierrez's total offense level was determined to be 29.   (Doc. 179, ¶ 68)   Haro-Gutierrez was found to have zero criminal history points, placing him in criminal history category I.   (Doc. 179, ¶ 73)   The statutory maximum term of imprisonment for the offense of conviction was 20 years.   (Doc. 179, ¶ 95) Based on a total offense level of 29 and a criminal history category of I, the advisory guideline range for imprisonment was 87 to 108 months.   (Doc. 179, ¶ 96)

No enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e)(2)(B), nor any enhancement as a career offender under the sentencing guidelines, U.S.S.G. § 4B1.1, was reported in Haro-Gutierrez's PSR.

Haro-Gutierrez appeared for sentencing on October 18, 2012.   (Doc. 178)   The Court made inquiry that Haro-Gutierrez was satisfied with his counsel; final approval of the Plea Agreement was expressed; the Court granted the Government's motion for a one-level downward

departure; denied Haro-Gutierrez's motion for a downward departure; and, the Court imposed a below guidelines sentence of 90 months' imprisonment, no supervised release, a $35,000.00 fine, and $100.00 in special assessments.   (Doc. 178)   Judgment was entered by the Court on October 19, 2012.  (Doc. 195)   Haro-Gutierrez did not pursue a direct appeal from the Judgment.

On May 23, 2016, Haro-Gutierrez filed a *pro se* Motion Pursuant to 28 U.S.C. § 2255 in Light of the Retroactive Effect of *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551 (2015), & its Progeny, *Gonzalez-Longoria v. U.S.*, No. 15-40041, S.Ct. (2016).   (Doc. 222)   The Petition was not a standard form § 2255 petition, and it did not contain any factual allegations setting forth why the case falls into the category of persons who qualify for relief under *Johnson*.   (Doc. 222, p. 5)   On May 24, 2016, the undersigned entered an Order directing the Clerk of the Court to forward to Haro-Gutierrez a blank § 2255 form, and further ordering Haro-Gutierrez to complete the § 2255 form and file it with the Clerk of the Court within 30 days of the entry of the Order. (Doc. 223)

On June 9, 2016, Haro-Gutierrez filed an Amended Motion Pursuant to § 2255 following the undersigned's instructions to use the standard form.  (Doc. 225)   Haro-Gutierrez cites the Fifth Amendment as grounds for relief because the sentencing enhancements entered after his plea denied him fair notice and invited arbitrary enforcement by the Judge.  (Doc. 225, p. 5)   Haro-Gutierrez cites *Johnson* and *Dodd v. United States*, 545 U.S. 353, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005) as authority for tolling the established one-year limitations period for his motion, states that he has filed within one year of the *Johnson* decision, and he asserts that his motion is timely. (Doc. 225, p. 13)

3

## II.   Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."   28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."   28 U.S.C. § 2255(b).   A thorough review of Haro-Gutierrez's § 2255 Amended Motion and the files and records of this case conclusively shows that Haro-Gutierrez is not entitled to relief under *Johnson*, and the undersigned recommends that his Amended Motion Pursuant to § 2255 (Doc. 225) be dismissed with prejudice.

On June 26, 2015, the United States Supreme Court issued its decision in *Johnson v. United States*, 574 U.S. ___, 135 S.Ct. 2551, 190 L.Ed.2d 718 (2015), ruling that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague.   On April 18, 2016, the Supreme Court decided in *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257 (2016) that its ruling in *Johnson* announced a new substantive rule that applied retroactively on collateral review.

Haro-Gutierrez's § 2255 Amended Motion seeks to obtain relief "in light of the retroactive effect of *Johnson*."   The problem, however, is that Haro-Gutierrez sets forth no factual allegations

in his original § 2255 Motion explaining why he is entitled to such relief.   (Doc. 222, p. 5)   This was called to Haro-Gutierrez's attention in the undersigned's Order to complete the § 2255 standard form (Doc. 223), but his Amended § 2255 Motion also fails to contain any factual allegations explaining why he is entitled to such relief.   (Doc. 225, p. 13)   Notably, a review of Haro-Gutierrez's PSR shows that his advisory guidelines sentencing range did not include an enhancement under either the unconstitutional residual clause of the ACCA or the identically worded residual clause of the career offender guideline in U.S.S.G. § 4B1.2(a)(2).   There is, therefore, no basis upon which Haro-Gutierrez could seek to benefit from the Supreme Court's ruling in *Johnson*.

Haro-Gutierrez's only additional comment in the Amended § 2255 Motion stated that he was denied Due Process because of "the enhanced sentence after the plea," and he argues that introduction of a sentence enhancement after reaching a plea agreement denied him fair notice, and invited arbitrary enforcement by the Judge.   (Doc. 225, p. 5)   Haro-Gutierrez's understanding of criminal procedure is ill-informed.   Once the Court accepts a plea of guilty, the Probation Officer assigned to the defendant's case is charged with conducting a presentence investigation, followed by submission of the PSR, which states the defendant's calculated offense level, based on relevant factors that includes all enhancements such as those mentioned by Haro-Gutierrez.   Fed. R. Crim. P. 32.   Haro-Gutierrez acknowledged this process in his Plea Agreement.   (Doc. 116, ¶¶ 16, 17, 18)   The PSR must be disclosed to the defendant at least 35 days before sentencing unless the defendant waives the minimum period.   *Id.*   The PSR was submitted on July 20, 2012.   (Doc. 179)   The Sentencing Hearing was held on October 18, 2012 (Doc. 178), thus affording Haro-Gutierrez at least 56 days' access to the PSR.   Not only did Haro-

Gutierrez have access to the PSR well in advance of sentencing, he stated at sentencing that he was satisfied with counsel, that he had the opportunity to read and discuss the PSR with counsel, and the PSR was reviewed in open court.  (Doc. 178)  Haro-Gutierrez's conclusory argument concerning fair notice thus lacks evidentiary support and is refuted by the record.

### III.   Conclusion

For the reasons discussed above, the undersigned recommends that Haro-Gutierrez's Amended Motion Pursuant to 28 U.S.C. § 2255 (Doc. 225) be **DISMISSED with PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 11th day of July, 2016.

/s/   *Mark E. Ford*

HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

6