IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

V.                              CASE NO. 5:11-CR-50121

MANUEL HARO-GUTIERREZ                                       DEFENDANT/PETITIONER

## OPINION AND ORDER

Now pending before the Court is the Report and Recommendation ("R&R") (Doc. 230) filed in this case on July 11, 2016, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. On July 25, 2016, Defendant/Petitioner Manuel Haro-Gutierrez filed a Motion for Extension of Time to File Objections (Doc. 231), which was granted. Thereafter, on July 29, 2016, Mr. Haro-Gutierrez filed his Objections (Doc. 234) to the R&R, and the Court undertook a *de novo* review of the record pursuant to 28 U.S.C. § 636(b)(1)(C). For the reasons explained herein, the Court will **ADOPT** the R&R in its entirety and **DENY** Mr. Haro-Gutierrez's Amended Motion to Vacate (Doc. 225) under 28 U.S.C. § 2255.

On April 25, 2012, Mr. Haro-Gutierrez appeared with his Court-appointed attorney, Mauricio Herrera, before the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas, for a change of plea hearing. Judge Marschewski submitted an R&R recommending acceptance of Mr. Haro-Gutierrez's plea of guilty to the charge of conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and (h). The plea was formally accepted by the Court[1] in an Order

---

[1] The Honorable Jimm Larry Hendren presiding.

dated April 26, 2012. (Doc. 132). A Presentence Investigation Report ("PSR") was then prepared, and prior to sentencing, Mr. Haro-Gutierrez's lawyer filed a Motion for Downward Departure (Doc. 171), arguing that although the Guideline range of imprisonment set forth in the PSR was uncontested, the Court should depart downward from the Guideline range due to Mr. Haro-Gutierrez's advanced age and medical condition. The Motion explained that Mr. Haro-Gutierrez was 50 years old and suffered from a heart condition and diabetes, for which he took 19 different medications.

The Court denied Mr. Haro-Gutierrez's Motion for Downward Departure in a text-only Order issued on October 18, 2012, but granted the Government's Motion (Doc. 167) for a one-level downward departure under U.S.S.G. § 5K1.1. Prior to departure, Mr. Haro-Gutierrez's base offense level was 20, and he was subject to a six-level enhancement under § 2S1.1(b)(1), a two-level enhancement under § 2S1.1(b)(2)(B), and a four-level enhancement under § 3B1.1(a). See Doc. 179, p. 13. After all enhancements were added, and points for acceptance of responsibility were subtracted, his total offense level was a 29, and his sentencing range was 87-108 months. After departure, his total offense level dropped to a 28, and his sentencing range became 78-97 months. See Doc. 193, p. 2. The Court sentenced him to 90 months imprisonment, approximately the middle of the applicable sentencing range.

In considering Mr. Haro-Gutierrez's Amended Motion to Vacate (Doc. 225), he first argues he is entitled to retroactive relief pursuant to the Supreme Court's rulings in Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016). As Judge Ford explained in his R&R, however, no relief is available to Mr. Haro-Gutierrez under Johnson because he was not sentenced pursuant to the Armed

Career Criminal Act, 18 U.S.C. § 924(e), nor was he subject to any sentencing enhancement as a career offender under § 4B1.1 of the Guidelines. Mr. Haro-Gutierrez does not contest Judge Ford's recommendations regarding *Johnson* relief. Instead, he objects to the R&R's conclusions regarding ineffective assistance of counsel, specifically that: (1) counsel failed to inform him prior to his guilty plea that he might be subject to a sentencing enhancement or enhancements; (2) counsel assured him he would only get a sentence of five years of imprisonment; and (3) counsel never disclosed the contents of the PSR to him prior to the sentencing hearing.

All three of Mr. Haro-Gutierrez's objections are overruled for the same reason: he offers no new facts or circumstances that would lead the Court to question the truthfulness of statements he made under oath in open court, and in his signed plea agreement. Mr. Haro-Gutierrez affirmed in his plea agreement that he understood the Court would consider the United States Sentencing Guidelines in determining his sentence, that no specific sentence was promised, that a sentence could be imposed that was greater than that contemplated by the parties, and that relevant conduct would be a factor the Court would consider at the time of sentencing. (Doc. 116, p. 9). During the plea hearing, the Court questioned Mr. Haro-Gutierrez and was satisfied that he was "aware of the nature of the charges, the applicable maximum penalties, and the consequences of the plea" and that he affirmed he had sufficient time to consult with his lawyer prior to entering his guilty plea. (Doc. 112, p. 2). Finally, during the sentencing hearing, Mr. Haro-Gutierrez and his attorney informed the Court that they had read and discussed the PSR prior to the hearing. *See* Doc. 178.

3

The Supreme Court has long held that "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* Mr. Haro offers nothing but conclusory allegations to show his counsel was ineffective, and these allegations are flatly contradicted by the sworn testimony and signed pleadings submitted when he faced these criminal charges in 2012.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Doc. 230) is **APPROVED AND ADOPTED IN ITS ENTIRETY**, and the Amended Motion to Vacate (Doc. 225) is **DENIED**. Judgment will enter separately this day.

**IT IS SO ORDERED** on this 28th day of September, 2016.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE